**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANN HILL,<br><br>              Plaintiff - Appellant,<br><br>  v.<br><br>COUNTY OF SACRAMENTO; ROGER DICKINSON; ROBERTA MACGLASHAN; SUSAN PETERS; JIMMIE YEE; DON NOTTOLI; SACRAMENTO AIRPORT SYSTEM; G. HARDY ACREE,<br><br>              Defendants - Appellees. | No. 10-17564<br><br>D.C. No. 2:09-cv-01565-GEB-GGH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted January 10, 2012[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE and M. SMITH, Circuit Judges, and RAKOFF, District Judge.[***]

Plaintiff-Appellant Ann Hill appeals from the district court's summary judgment dismissal of her lawsuit alleging that the County of Sacramento and its officials discriminated against her because of her race when the sublease for her concession stand at the Sacramento County International Airport was not renewed. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly dismissed Hill's claims under Title VI of the Civil Rights Act of 1964, codified in 24 U.S.C. § 2000d-2000d-7, and 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment. Hill has failed to "show that actions of the defendants had a discriminatory impact, and that defendants acted with an intent or purpose to discriminate based upon [Hill's] membership in a protected class." *Darensburg v. Metro. Transp. Comm'n*, 636 F.3d 511, 522 (9th Cir. 2011) (citation and quotation marks omitted). The decision not to renew Hill's subcontract was part of a larger plan to improve the financial performance of the airport's concessions. **SER 52-60.** Similarly,

---

[***] The Honorable Jed S. Rakoff, District Judge for the U.S. District Court for Southern New York, sitting by designation.

2

defendants rejected Hill's request for an advertising sign out of concern for public safety.  **SER 48, 323-32.**

Nor has Hill demonstrated that the defendants violated her equal protection rights under the California Constitution.  California's "constitutional guarantee of equal protection is substantially similar to that contained in the United States Constitution."  *Pro-Family Advocates v. Gomez*, 46 Cal. App. 4th 1674, 1685 n.13 (1996).  For the reasons stated above, Hill's state equal protection claim fails.

The district court also correctly rejected Hill's claim for a writ of mandate under Cal. Civ. Proc. Code § 1085 to compel the defendants to comply with federal regulations involving disadvantaged business enterprises in airports, 49 C.F.R. §§ 23.1-23.79, 26.7.  Cal. Civ. Proc. Code § 1085 authorizes only state courts to issue writs of mandate.  Moreover, Hill has not demonstrated that the county's Airport Concession Disadvantaged Business Enterprises program fails to comply with the federal regulations.

Because we conclude that the district court properly granted summary judgment to all defendants, we need not decide whether the county is liable for the actions of defendant G. Hardy Acree.

**AFFIRMED.**